STEVEN G. ZIEFF (SBN: 84222)
JOHN T. MULLAN (SBN: 221149)
MICHELLE G. LEE (SBN: 266167)
RUDY, EXELROD, ZIEFF & LOWE, LLP
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 434-9800
Facsimile:  (415) 434-0513
sgz@rezlaw.com
jtm@rezlaw.com
mgl@rezlaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERI CONNOLLY and RHONDA ARNESON, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>WEIGHT WATCHERS NORTH AMERICA, Inc.,<br><br>    Defendant.<br><br>_____/ | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**1. Failure to Pay Minimum Wages and Contract Wages**<br>**2. Failure to Pay Overtime Wages**<br>**3. Failure to Pay Wages Earned and Due At the Time of Separation**<br>**4. Failure to Indemnify for Business Expenditures**<br>**5. Failure to Furnish Itemized Wage Statements**<br>**6. Unfair Competition**<br>**7. Private Attorneys General Act Penalties**<br><br>  **JURY TRIAL DEMANDED** |

Plaintiffs Jeri Connolly and Rhonda Arneson ("Plaintiffs"), by their undersigned attorneys, for their Complaint against Defendant Weight Watchers North America, Inc. ("Defendant"), allege, upon information and belief, except as to the allegations that pertain to Plaintiffs, which are based upon personal knowledge, as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiffs have been employed by Defendant as Weight Watchers meeting "leaders" and "receptionists" to perform a number of responsibilities relating to Weight Watchers customer meetings.  During some periods when they have been employed as leaders or receptionists, Plaintiffs have also performed "location coordinator" functions for Weight Watchers, for which they have been paid under an hourly-based compensation system that is separate from the meeting-based compensation system that has been used to compensate them for work they have performed in their capacity as leaders or receptionists.

2.      Plaintiffs bring this as a class action under Fed. R. Civ. Proc. Rule 23(a), (b)(2), and (b)(3), and/or a representative action pursuant to Business & Professions Code §§ 17200 *et seq*. and Labor Code § 2699, on behalf of themselves and other Weight Watchers leaders and receptionists in California, seeking – depending on the capacity in which employees worked during different periods – back pay and liquidated damages for unpaid minimum wages, including split shift wages, back pay for unpaid overtime wages, "waiting time" penalties for wages due but not timely paid upon separation from employment, payment for unreimbursed business expenses, damages and/or penalties for failure to provide complete and accurate itemized wage statements, restitution and disgorgement for unfair business practices (including the failure to pay minimum and overtime wages and the failure to indemnify for business expenditures), Private Attorneys General Act penalties for all applicable Labor Code violations, interest, equitable relief including an injunction, and reasonable attorney's fees and costs, under all applicable provisions of California law, including but not limited to California Labor Code §§ 201, 202, 203, 204, 218.5, 218.6, 226, 510, 558, 1174, 1194, 1194.2, 1194.5, 1197, 2699, and 2802, California Business & Professions Code §§ 17200-17208, California Industrial Welfare Commission ("IWC") Wage Order No. 2 §§ 3 and 4, California Civil Code §§ 3287-3289, and

California Code of Civil Procedure § 1021.5.

3.     A class action predicated on the same policies and practices at issue in this putative class action and pursuing the same claims on behalf of Defendant's meeting "leaders" and "receptionists but for a different time period was previously brought by Class Counsel in the Northern District of California. (*Sabatino et al v. Weight Watchers North America, Inc.*, Case No. CV 09-4926 TEH).  That action resulted in a settlement covering the class period of September 17, 2005 to January 8, 2011.  Because Defendant did not change its relevant policies and practices until December 9, 2012, the "Class Period" at issue in this case is January 9, 2011 until December 9, 2012.

4.     During the period relevant to this action, Plaintiffs have been regularly required, suffered, or permitted to work hours for Defendant for which Defendant has not paid them at least the minimum wage rates in effect under IWC Wage Order No. 2 as required by California law, and have been required, suffered, or permitted to work overtime hours within the meaning of California law for which Defendant has not paid them premium overtime wages as required by California law.  Plaintiff Arneson separated from employment with Weight Watchers, and Defendant failed to pay her due but unpaid wages at the time of separation.  Defendant also has failed to furnish Plaintiffs, for each pay period they have worked, with a statement in writing that accurately itemized the total wages they earned, the total hours they worked, all applicable hourly rates and other pay rates or formulae in effect during the pay period, and the corresponding number of hours they worked at each rate or compensation they earned at each other rate or under each other formulae.  Plaintiffs also have made expenditures in direct consequence of their duties – including but not limited to expenditures incurred in driving their own vehicles to and from various locations in direct consequence of the discharge of their duties (such as driving to and from the bank to conduct transactions for Weight Watchers as a leader, driving to and from various locations to transport supplies or complete other tasks as location coordinators, and driving to and from staff meetings and trainings) – for which Defendant has not reimbursed them or for which Defendant has only partially reimbursed them due to a policy of only reimbursing miles over a certain threshold (e.g., deducting 30 miles from miles driven to/from staff meetings

or trainings and not reimbursing for those miles). Plaintiffs also have not been reimbursed for their ordinary commutes in their personal vehicles to and from the locations where they lead meetings and the locations where they perform location coordinator work, even though Defendant maintains that Plaintiffs are "outside salespersons" within the meaning of California law.

5. The acts and omissions described in the preceding paragraph have been committed pursuant to, in accordance with, and in direct consequence of a common plan, policy and practice applicable to all leaders and receptionists employed in California under which Defendant has: (1) paid leaders and receptionists for a set amount of hours for each Weight Watchers meeting they lead, or for each week or other period in which they work as hourly-paid location coordinators, without regard for the number of hours they actually work, with the result that leaders and receptionists spend time working for which they are not paid any wages, let alone minimum wages, or, where applicable, overtime wages; (2) imposed requirements, instructions, requests, and expectations for leaders' and receptionists' work that causes them to spend additional time working in excess of the set amount of hours that Weight Watchers pays them for each meeting or week, including time spent before and after meetings, time spent preparing for meetings and preparing meeting materials, time spent communicating with, supporting, and otherwise servicing customers outside of meetings, time spent reviewing emails and other written materials sent by Defendant, time spent traveling between different meeting locations, time spent preparing and making bank deposits and traveling to make bank deposits, and time spent on tasks relating to coordinating, maintaining, preparing, and supplying meeting locations; (3) trained, instructed, and otherwise induced leaders and receptionists not to report or keep track of all the time they actually spend working, and otherwise failed to record or keep track of all the time they actually spend working, but rather to report only the set numbers of hours allotted by Weight Watchers to the different jobs; (4) failed to pay leaders and receptionists for all their hours worked on a pay period by pay period basis, and, for employees who have separated from employment, upon their separation from employment; (5) failed to reimburse leaders and receptionists for necessary expenditures they make in direct consequence of discharging their duties, including mileage in

personal vehicles to and from banks, meeting locations, and other locations for the purpose of transacting business for Defendant or maintaining, preparing and supplying meeting locations; and (6) failed to pay employees an extra hour of the minimum wage when they work split shifts. This common plan, policy and practice applicable to all leaders and receptionists employed in California was in place through mid-December 2012, at which time Defendant changed its practices.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7. The Northern District of California has personal jurisdiction over this matter because Defendant is doing business here, in this district, and because many of the acts complained of herein occurred in this District and gave rise to the claims alleged.

8. Venue is proper in the Northern District pursuant to 28 U.S.C. Section 1391(b) and (c) because Defendant may be found in this District and because a substantial part of the events giving rise to the claims presented in this Complaint occurred in this District.

9. Pursuant to N.D. Cal. Local Rule 3-2(c) and (d), intra-district assignment to the San Francisco/Oakland Division is proper.

10. Pursuant to Labor Code § 2699.3, Plaintiffs mailed written notices to the Labor and Workforce Development Agency and Weight Watchers of the specific provisions of the Labor Code alleged to have been violated by certified mail on October 18, 2013.

## THE PARTIES

11. Plaintiff Jeri Connolly is a citizen of California, residing in Los Angeles County. Plaintiff Connolly is a current employee of Defendant and was employed by Defendant in California as a Weight Watchers leader and receptionist, and also performed hourly-paid location coordinator functions for multiple meeting locations during the time period covered by this action.

12. Plaintiff Rhonda Arneson is a citizen of California, residing in Aptos, Santa Cruz County. Plaintiff Arneson worked for Defendant in California until approximately October 2012, including as a leader and receptionist, and also has performed hourly-paid location coordinator

functions for multiple meeting locations during the time period covered by this action.

13.     Defendant Weight Watchers North America, Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in the state of New York.

## CLASS ACTION ALLEGATIONS

14.     As to all claims they bring in a representative capacity, Plaintiffs bring this action on behalf of the following class of similarly situated persons:

> Plaintiff Class:     All persons who worked for Weight Watchers North America, Inc. as "Leaders," "Receptionists," or employees performing hourly-paid "Location Coordinator" work (pay codes 40 and 41) in California at any time between January 9, 2011 and December 9, 2012.

15.     Plaintiff brings claims on behalf of the Plaintiff Class as a class action pursuant to Fed. R. Civ. Proc. Section 23(a), (b)(2), and (b)(3). Common questions of law and fact exist as to all members of the Plaintiff Class that predominate over any questions affecting individual members, including, but not limited to, the following:

1.     Whether Defendant has violated Labor Code § 1197 and IWC Wage Order No. 2 and applicable Labor Code provisions by failing to pay leaders and receptionists the required minimum wage and contract wage for all hours worked, including an hour's pay at the minimum wage rate for working split shifts.

2.     Whether Defendant has violated Labor Code § 510 by failing to pay overtime compensation to leaders and receptionists when they worked overtime.

3.     Whether Defendant has violated Labor Code § 226 by failing to provide leaders and receptionists with itemized wage statements showing, among other things, all their daily and weekly hours worked, all applicable rates and formulae of pay, and an itemization of their pay under the different applicable rates and formulae.

4.     Whether Defendant has violated Labor Code § 2802 by failing to indemnify leaders and receptionists for their business expenditures.

5.     Whether Defendant has willfully failed to pay due but unpaid minimum wages and overtime wages to leaders and receptionists upon their separation from

employment (or within 72 hours of their separation, if they quit without giving 72 hours' notice).

      6.     Whether Defendant has violated Business and Professions Code § 17200 by failing to pay leaders and receptionists minimum wages and overtime wages, and by failing to indemnify leaders and receptionists for their business expenditures.

      7.     Whether Defendant has failed to keep complete and accurate records of leaders' and receptionists' hours of work as required by California Labor Code § 1174 and IWC Wage Order No. 4.

      8.     Whether Defendant's acts and omissions giving rise to the action for failure to pay minimum wages have been in good faith, and whether Defendant has had reasonable grounds for believing their acts and omissions were not violations of the Labor Code, for purposes of determining leaders and receptionists' entitlement to liquidated damages under Labor Code § 1194.1.

      9.     The proper measure of damages for Defendant's alleged violations.

      b.     <u>Typicality</u>: Plaintiffs' claims are typical of the claims of the Plaintiff Class in that Plaintiffs and all other leaders and receptionists have sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of the law as alleged herein.

      c.     <u>Numerosity</u>: A class action is the only available method for the fair and efficient adjudication of this controversy. The Plaintiff Class is so numerous that joinder of all members is impractical, if not impossible, insofar as, among other things, the Plaintiff Class is believed to be comprised of at least 3,000 members, who are geographically dispersed, and the amounts at issue are small enough to make joinder impracticable. Membership in the Plaintiff Class is easily ascertained from Defendant's employment, payroll, and personnel records.

      d.     <u>Superiority of Class Action</u>: Should separate actions be brought or be required to be brought by each member of the Plaintiff Class, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other members of the Plaintiff Class who are not parties to the

COMPLAINT

adjudications and/or may substantially impede their ability to adequately protect their interests.

e. <u>Adequacy of Representation</u>: The Plaintiffs are adequate representatives of the Plaintiff Class, in that their claims are typical of those of the other members, and Plaintiffs have the same interest in the litigation of this case as the unnamed class members. Plaintiffs are committed to vigorous prosecution of the case, and have retained competent counsel experienced in class action wage and hour litigation. Plaintiffs are not subject to any individual defenses unique from those conceivably applicable to the Plaintiff Class. Plaintiffs know of no management difficulties to be encountered in the management of this litigation that would preclude its maintenance as a class action.

f. <u>Injunctive/Declaratory Relief</u>: Defendant has acted on grounds that apply generally to the Plaintiff Class in that it had a policy and practice of refusing to pay minimum and overtime compensation, refusing to reimburse for business expenses, and failing to maintain and provide accurate itemized wage statements to all members of the Plaintiff Class, and it has a policy of failing to pay all wages due and payable at the time of termination to members of the Plaintiff Class. Accordingly, injunctive and declaratory relief is appropriate for the Plaintiff Class as a whole.

**FIRST CAUSE OF ACTION**
**Failure To Pay Minimum Wages and Contract Wages**
**(IWC Wage Order No. 2 § 4, Labor Code §§ 218.6, 1194, 1194.2, 1197)**

16. Plaintiffs incorporate in this cause of action each and every allegation of paragraphs 1 through 15, inclusive, with the same force and effect as though fully set forth herein.

17. Throughout the Class Period, Section 1197 of the Labor Code and Section 4 of California IWC Wage Order No. 2 have required employers such as Defendant to pay minimum wages to their employees such as Plaintiff and the Plaintiff Class at or above the rate fixed by the Wage Order for all hours worked, and to pay an hour's pay at the minimum wage for each workday an employee works a split shift. As of January 1, 2008, the minimum wage in California has been $8.00 per hour. Defendant also has been required to pay Plaintiffs and the

Plaintiff Class wages that have been agreed to by contract.

18.     Plaintiffs and the Plaintiff Class have been required, suffered, or permitted to work hours, and have worked hours, during the period covered by this action for which they have not been paid the required minimum wage, and hours as location coordinators covered by this action for which they have not been paid their contract wages.  Plaintiffs and the Plaintiff class have also been required, suffered, or permitted to work split shifts, and did work split shifts, for which they were not paid an additional hour's pay at the minimum wage.

19.     Plaintiffs allege that as a result of Defendant's policy, plan and practice of paying leaders and receptionists for a set number of hours per meeting or week, without regard for the amount of time they have actually spent working, and causing leaders and receptionists not to report all the time they actually spend working, and the other practices alleged above, Defendant has failed to pay Plaintiffs and the Plaintiff Class the applicable minimum wage and/or the contract wage for all their hours worked each week.

20.     Defendant's failure to pay the minimum wage to Plaintiffs and the Plaintiff Class as required by law permits a civil action to recover the unpaid balance of the minimum and/or contract wages that were required to be paid, as well as interest thereon, reasonable attorney's fees, costs of suit, and liquidated damages, under California Labor Code sections 218.6, 1194, and 1194.2.

## SECOND CAUSE OF ACTION
### Failure To Pay Overtime Wages
**(IWC Wage Order No. 2 § 3, Labor Code §§ 510, 218.6, 1194)**

21.     Plaintiffs incorporate in this cause of action each and every allegation of paragraphs 1 through 20, inclusive, with the same force and effect as though fully set forth herein.

22.     Throughout the period covered by this action, Section 510 of the California Labor Code and Section 3 of California IWC Wage Order No. 2 have required employers such as Defendant to compensate employees such as Plaintiffs and the Plaintiff Class at the rate of no less than one and one-half times their regular rate of pay ("overtime wages") for any and all work in

excess of eight hours in one workday, any work in excess of 40 hours in any one workweek, and any work on the seventh day of work in any one workweek ("overtime work").

23.     Plaintiffs and the Plaintiff Class have been required, suffered or permitted to work, and did work, overtime hours for which they were not paid overtime wages during the period covered by this action.

24.     Plaintiffs allege that as a result of Defendant's policy, plan and practice of paying leaders and receptionists for a set number of hours per meeting or week, without regard for the amount of time they have actually spent working, and causing leaders and receptionists not to report all the time they actually spend working, and the other practices alleged above, Defendant has failed to pay Plaintiffs and the Plaintiff Class overtime wages for their overtime work.

25.     Defendant's failure to pay overtime wages to Plaintiffs and the Plaintiff Class as required by law permits a civil action to recover the unpaid balance of the overtime wages that were required to be paid, as well as interest thereon, reasonable attorney's fees, and costs of suit, under California Labor Code sections 218.6 and 1194.

### THIRD CAUSE OF ACTION
**Failure To Pay Wages Earned And Due At The Time Of Separation**
**(Labor Code §§ 201, 202, 203, 218.5, and 218.6)**

26.     Plaintiffs incorporate in this claim for relief each and every allegation of paragraphs 1 through 25, inclusive, with the same force and effect as though fully set forth herein.

27.     Throughout the period covered by this action, Section 201 of the California Labor Code has required that if an employer, such as Defendant, discharges an employee, his or her wages earned and unpaid at the time of discharge are due and payable immediately, and Section 202 of the Labor Code has required that if an employee quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, or immediately, if the employee has given 72 hours previous notice of his or her intention to quit.  Section 203 of the Labor Code provides that if an employer willfully fails to pay wages in accordance with Section 201 or 202, the wages of an employee who is discharged or who quits shall continue as penalty from the due date thereof at the same rate until paid, for a period up to 30 days.

9

28.    Defendant has willfully failed to pay the Plaintiff Class the minimum wages and overtime wages that were earned and unpaid at the time of their discharge or quitting, or within 72 hours of their quitting where no notice of quitting was given.  Among other things, Defendant has been on notice of its failure to pay minimum and overtime wages that are lawfully due because of Defendant's own common policies and practices, complaints and other communications from leaders and receptionists having been previously sued for many of the unlawful practices alleged herein.

29.    Defendant's violation permits a civil action on behalf of Plaintiff Class for the unpaid wages and the wage continuation penalties, and to recover reasonable attorney's fees, costs of suit, and interest, pursuant to Labor Code sections 203, 218.5 and 218.6.

### FOURTH CAUSE OF ACTION
**Failure To Indemnify For Business Expenditures**
**(Labor Code § 2802)**

30.    Plaintiffs incorporate in this claim for relief each and every allegation of paragraphs 1 through 29, inclusive, with the same force and effect as though fully set forth herein.

31.    Throughout the period covered by this action, Section 2802 of the California Labor Code has required employers, such as Defendant, to indemnify their employees such as Plaintiffs and the Plaintiff Class for all necessary expenditures incurred by the employees in direct consequence of the discharge of their duties.

32.    Plaintiffs and Plaintiff Class have made expenditures in direct consequence of the discharge of their duties, including using their personal vehicles to travel to and from various locations for the purpose of performing work for Defendant.  Defendant has failed to indemnify Plaintiffs and Plaintiff Class for such expenditures.

33.    Defendant's violation permits a civil action to recover the amounts of Plaintiffs' and Plaintiff Class's unreimbursed expenditures, as well as interest and attorney's fees, pursuant to Labor Code section 2802.  In the event that Defendant prevails on its affirmative defense that Plaintiffs and Plaintiff class members are exempt outside salespersons, which Plaintiffs dispute, Plaintiffs' claim for unreimbursed expenditures would encompass reimbursement for each and

every use of personal vehicles by Plaintiffs and members of the Plaintiff Class in discharge of their duties for Weight Watchers, including, but not limited to, their ordinary commutes to and from their member meeting locations and their ordinary commutes to and from the locations where they perform location coordinator duties.

## FIFTH CAUSE OF ACTION
### Failure To Furnish Itemized Wage Statements
### (Labor Code § 226)

34.     Plaintiffs incorporate in this cause of action each and every allegation of paragraphs 1 through 33, inclusive, with the same force and effect as though fully set forth herein.

35.     Under Labor Code § 226(a), Defendant has at all relevant times been required to furnish employees such as Plaintiffs and the Plaintiff Class with regular itemized written statements showing, among other things, total hours worked, all applicable pay rates and "bonus" and "commission" formulae applicable during the pay period, the number of hours worked at each rate by the employee, and the manner in which any putative "commission," "bonus," or other non-hourly pay has been calculated.

36.     Defendant knowingly and intentionally has failed to furnish Plaintiffs and the Plaintiff Class with the required itemized wage statements by failing to provide statements showing this required information.

37.     Under Labor Code § 226(e), an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with § 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period., up to a maximum amount of $4,000.

38.     As a direct and proximate result of Defendant's conduct, each Plaintiff and Class Member has been injured by, among other things, not being paid for all time worked, not knowing how many hours they worked and at what rate(s), not knowing how their pay has been calculated, not being able to ascertain from their wage statements whether they have been paid for all hours worked and/or whether they have been paid in accordance with the applicable

provisions of California law pertaining to the payment of overtime pay and minimum wages, and being required to file this action to recover their wages and determine the amount of hours worked and wages due, and being induced not to record all their time worked, with the substantial risk that even through this action they will be unable to recover the wages they should have been paid for all time worked.

39.     Plaintiffs and the Plaintiff Class are entitled to recover in a civil action the damages or "penalties" provided by Labor Code § 226(e), including interest thereon, and reasonable attorney's fees and costs.

## SIXTH CAUSE OF ACTION
### Unfair Competition
### (Business & Professions Code §§ 17200-17208)

40.     Plaintiffs incorporate in this cause of action each and every allegation of paragraphs 1 through 39, inclusive, with the same force and effect as though fully set forth herein.

41.     Plaintiffs bring this cause of action on behalf of themselves and others similarly situated, seeking restitution and disgorgement of all unpaid minimum wages, overtime wages, and unreimbursed business expenditures as described above, including interest thereon, for the four-year period preceding the filing of this complaint.

42.     Defendant's conduct, as alleged herein, constitutes unfair competition as set forth in Section 17200 of the California Business & Professions Code.  Defendant has conducted business activities while failing to comply with the legal mandates cited herein.  Plaintiffs and others similarly situated suffered injury in fact and lost money as a result of Defendant's unfair competition.

43.     As a result of Defendant's unlawful and unfair business practices, Plaintiffs are entitled to and do seek restitution and disgorgement, and other appropriate relief available under Business & Professions Code § 17203, on her own behalf, and on behalf of others similarly situated.

//

# SEVENTH CAUSE OF ACTION
## Private Attorneys General Act Penalties
### (Labor Code § 2699)

44.     Plaintiffs incorporate in this cause of action each and every allegation of paragraphs 1 through 43, inclusive, with the same force and effect as though fully set forth herein.

45.     Under the Private Attorneys General Act of 2006, Labor Code §§ 2698-2699.5, an aggrieved employee, on behalf of himself or herself and other current or former employees, may recover penalties under any provision of the Labor Code that provides for civil penalties, and provides a default penalty for this purpose for Labor Code provisions that do not already provide for civil penalties.  These penalties are in addition to any other relief available under the Labor Code.

46.     As set forth above, Defendant has committed numerous violations for which the Labor Code thereby provides for the recovery of penalties, including violations of §§ 201, 202, 203, 204, 226, 2802, 510, 558, and 1174.

47.     Plaintiffs have provided written notice by certified mail to the Labor & Workforce Development Agency ("LWDA") and to Defendant of the legal claims and theories of this case prior to filing this complaint.  More than thirty-three days have now passed since the postmark date of giving notice to the LWDA and the LWDA has not responded.   Accordingly, Plaintiffs have now exhausted the administrative requirements of Labor Code Section 2699.3.

48.     As a direct result of Defendant's conduct as described, Plaintiffs are entitled to recover, on their own behalves and on behalf of others similarly situated, the maximum civil penalties permitted by the Private Attorneys General Act from Defendant for all violations of the Labor Code herein described, including violations of Sections 201, 202, 203, 204, 226, 2802, 510, 558, and 1174, as well as reasonable attorney's fees and costs.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs, on behalf of themselves and the Plaintiff Class, and/or others similarly situated, pray for judgment and the following specific relief against Defendant as follows:

A.    That the Court determine that the claims in this action may be maintained as a class action under Fed. R. Civ. Proc. Rule 23, and/or as a representative action under Business and Professions Code § 17200 *et seq.* and Labor Code § 2699;

B.    That Defendant is found to have violated the minimum wage provisions of the Labor Code and IWC Wage Order No. 2 as to Plaintiffs and the Plaintiff Class;

C.    That Defendant is found to have violated the overtime provisions of the Labor Code and IWC Wage Order No. 2 as to Plaintiffs and the Plaintiff Class;

D.    That Defendant is found to have violated Labor Code § 2802 for failing to indemnify Plaintiffs and the Plaintiff Class for necessary business expenditures;

E.    That Defendant is found to have violated Labor Code §§ 201, 202 and 203 for willful failure to pay all compensation earned at due at the time of separation to the Plaintiff Class;

F.    That Defendant is found to have violated the itemized wage statement requirements of Labor Code § 226 as to Plaintiffs and the Plaintiff Class;

G.    That Defendant is found to have violated the regular wage payment requirements of Labor Code § 204 as to Plaintiffs and the Plaintiff Class;

H.    That Defendant is found to have violated the record-keeping requirements of Labor Code § 1174 as to Plaintiffs and the Plaintiff Class;

I.    That Defendant is found to have violated Labor Code § 558 by failing to pay minimum wages for workdays when Plaintiffs and the Plaintiff Class worked split shifts as required by IWC Wage Order No. 2;

J.    That Defendant is found to have violated Business and Professions Code § 17200 by failing to pay Plaintiffs and others similarly situated minimum wages, overtime wages, and expenditure reimbursements as required by the Labor Code and IWC Wage Order No. 2;

K.    An award to Plaintiffs and the Plaintiff Class of damages for the amount of unpaid minimum wages, including interest thereon, plus liquidated damages, subject to proof at trial;

COMPLAINT

L.  An award to Plaintiffs and the Plaintiff Class of damages for the amount of unpaid overtime wages, including interest thereon, subject to proof at trial;

M.  An award to the Plaintiff Class for unpaid wages and penalties pursuant to Labor Code § 203, subject to proof at trial;

N.  An award to Plaintiffs and the Plaintiff Class of damages or penalties for Defendant's failure to provide timely, accurate itemized wage statements in accordance with Labor Code § 226;

O.  An award to Plaintiffs and the Plaintiff Class of damages for the amount of unreimbursed business expenditures, including interest thereon, in accordance with Labor Code § 2802;

P.  That Defendant be ordered to pay restitution and disgorgement to Plaintiffs and others similarly situated due to Defendant's unlawful activities, pursuant to Business and Professions Code § 17203, for the four years preceding the filing of this complaint;

Q.  That Plaintiffs and the Plaintiff Class be awarded reasonable attorney's fees and costs pursuant to applicable provisions of law, including Labor Code §§ 226, 1194, 2699, and 2802, and Code of Civil Procedure § 1021.5;

R.  That Plaintiffs and the Plaintiff Class be awarded penalties under Labor Code § 2699 for all of Defendant's violations of Labor Code §§ 201, 202, 203, 204, 510, 558, 1174, and 1197;

S.  For interest pursuant to applicable provisions of law, including but not limited to Labor Code §§ 218.6, 1194, and 2802, Civil Code §§ 3287, 3288, and 3289, and Business & Professions Code § 17203;

T.  Injunctive relief requiring Defendant to refrain from current and future violations of the Labor Code, IWC Wage Order and unlawful and unfair business practices;

U.  For costs of suit; and,

V.  An award of such other and further equitable and legal relief as this Court may deem appropriate.

DATED: April 29, 2014                          RUDY, EXELROD, ZIEFF & LOWE, LLP

                                               By: _____
                                                   JOHN T. MULLAN
                                                   Attorneys for Plaintiffs


**DEMAND FOR JURY TRIAL**

    Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

DATED: April 29, 2014                          RUDY, EXELROD, ZIEFF & LOWE, LLP

                                               By: _____
                                                   JOHN T. MULLAN
                                                   Attorneys for Plaintiffs

---

COMPLAINT