UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JERI CONNOLLY, et al.,

    Plaintiffs,

    v.

WEIGHT WATCHERS NORTH AMERICA INC.,

    Defendant.

Case No. 14-cv-01983-TEH

**ORDER CERTIFYING SETTLEMENT CLASS AND PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT**

This matter was scheduled to come before the Court on July 28, 2014, on Plaintiffs' unopposed motion to certify a settlement class and to preliminarily approve a class action settlement. Having considered the proposed settlement and the moving papers submitted, the Court determines that this matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and hereby VACATES the scheduled hearing and GRANTS Plaintiffs' motion for the reasons set forth below.[1]

## BACKGROUND

1. This class action lawsuit alleges that Weight Watchers North America, Inc. ("Weight Watchers") violated California's wage and hour laws. The case asserts claims nearly identical to those asserted by a similarly-situated class of individuals in *Sabatino v. Weight Watchers North America, Inc.*, Case No. CV 09-4926-TEH (N.D. Cal. 2009), represented by Rudy, Exelrod, Zieff & Lowe, LLP, who are also the attorneys in this follow-up action. The *Sabatino* complaint alleged, among other things, that Defendant failed to pay its meeting "Leader" and "Receptionist" employees at least the minimum wage for all hours worked, failed to pay them premium overtime wages for all overtime hours worked, failed to pay them the required minimum wage for working "split shifts,"

---

[1] All capitalized terms appearing in this Order that are not defined herein shall have the meanings assigned to them in the Parties' Joint Stipulation of Settlement and Release.

1  failed to reimburse them for all expenses incurred in the course of their employment, failed
2  to provide them with itemized pay statements showing their total hours worked and the
3  rates or formulae used for calculating their meeting pay, failed to pay employees at least
4  the minimum wage and/or the contract wage for all hours they spent performing hourly-
5  paid "location coordinator" work, failed to keep required payroll and work records,
6  willfully failed to pay all wages due but unpaid at the time of separation from employment,
7  and engaged in "unfair competition" within the meaning of California law by failing to pay
8  required wages and expense reimbursements. The complaint asserted claims under the
9  California Labor Code and the California Business and Professions Code, and sought
10 recovery of, among other things, unpaid wages, penalties, and reasonable attorney's fees
11 and costs.

12    2.   The *Sabatino* case was resolved pursuant to court-approved settlement on
13 May 23, 2011. That settlement covered wage and hour claims arising during the time
14 period from September 17, 2005 to January 8, 2011.

15    3.   On April 29, 2014, Plaintiffs Jeri Connolly and Rhonda Arneson filed the
16 Complaint in this Litigation (as hereinafter defined) as a putative class action. The
17 Complaint alleges, among other things, that for the time period of January 9, 2011 through
18 December 9, 2012 (a period during which Plaintiffs allege the policies and practices
19 challenged in the *Sabatino* case remained in place), Defendant Weight Watchers North
20 America, Inc. continued to fail to pay its meeting "Leader" and "Receptionist" employees
21 at least the minimum wage and contract wage for all hours worked, failed to pay Leaders
22 and Receptionists premium overtime wages for all overtime hours worked, failed to pay
23 Leaders and Receptionists the required minimum wage for working "split shifts," failed to
24 reimburse Leaders and Receptionists for all expenses incurred in the course of their
25 employment, failed to provide Leaders and Receptionists with itemized pay statements
26 showing their total hours worked and the rates or formulae used for calculating their
27 meeting pay, failed to pay employees at least the minimum wage and/or the contract wage
28 for all hours they spent performing location coordinator work (as hereinafter defined),

2

1  failed to keep required payroll and work records, willfully failed to pay all wages due but
2  unpaid at the time of separation from employment, and engaged in "unfair competition"
3  within the meaning of California law by failing to pay required wages and expense
4  reimbursements.

5     4. Prior to and after the Complaint was filed, the Parties participated in
6  extensive settlement negotiations.  Those negotiations led to an agreement to settle the case
7  and execution of a memorandum of understanding.  The negotiations were conducted after
8  the parties had reviewed many records and documents from the *Sabatino* case and had
9  exchanged information, including information relating to the dates of changes to the pay
10 practices challenged here and payroll data maintained by Weight Watchers for Leaders and
11 Receptionists who worked for Weight Watchers in California during the period from
12 January 9, 2011 (immediately following the conclusion of the class period in *Sabatino*) and
13 December 9, 2012 (the date that Weight Watchers changed the pay practices challenged by
14 Plaintiffs in this case and by the *Sabatino* plaintiffs in the *Sabatino* case.)

15    5. The Parties negotiated and executed a Joint Stipulation of Settlement and
16 Release, filed with the Court on June 11, 2014.  A true and correct copy of the fully-
17 executed Joint Stipulation of Settlement and Release ("Joint Stipulation," "Settlement") is
18 attached as Exhibit 1 to the Declaration of Steven G. Zieff ("Zieff Declaration")(Docket
19 No. 13-1).  The Joint Stipulation provides for the full settlement and release of all class and
20 representative claims encompassed by the Complaint and otherwise sets forth the terms of
21 the proposed settlement which is before the Court for preliminary approval.  Weight
22 Watchers continues to deny all allegations contained in the Complaint, and Weight
23 Watchers does not admit or concede that it has, in any manner, violated the California
24 Labor Code, the California Unfair Competition Law, or any other law.  Weight Watchers
25 also denies that this case is appropriate for class action treatment other than for purposes of
26 settlement.

27
28         **<u>CERTIFICATION OF SETTLEMENT CLASS</u>**

6. Based on the findings and conclusions set forth below in Subparagraphs (a)-(e), the Court determines that this case meets the requirement for certification of a class under Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure for purposes of settlement, and hereby orders that this case is certified as a class action, for purposes of settlement only, on behalf of the following class: "All persons who worked for Weight Watchers North America, Inc. as 'Leaders,' 'Receptionists,' or employees performing 'location coordinator work' (pay codes 40 and 41) in California at any time during the period from January 9, 2011 through December 9, 2012, according to Weight Watchers' payroll records" ("Class" or "Class Members"). The findings and conclusions that follow are based on the Court's consideration of: the allegations, information, arguments, and authorities cited in the Motion and supporting memorandum and declaration; the allegations, information, arguments, and authorities provided in connection with the complaint filed in this case; Defendant's agreement, for settlement purposes only, not to oppose certification of the settlement class specified in the Joint Stipulation; the terms of the Settlement; and the elimination of the need, on account of the Settlement, for the Court to consider any potential trial manageability issues that might otherwise bear on the propriety of class certification.

    (a)    <u>Numerosity</u>. The Court finds that the Class is so numerous that joinder of all members is impracticable because there are more than 3,000 class members. Class Members' identities can be ascertained from Defendant's records.

    (b)    <u>Common Questions of Law or Fact</u>. The Court finds that, for purposes of this settlement only, there are questions of law or fact common to the Class, including but not limited to: whether Defendant has violated Labor Code § 1197 and IWC Wage Order No. 2 and applicable Labor Code provisions by failing to pay Leaders and Receptionists the required minimum wage and contract wage for all hours worked, including an hour's pay at the minimum wage rate for working split shifts; whether Defendant has violated Labor Code § 510 by failing to pay overtime compensation to Leaders and Receptionists when they worked overtime; whether Defendant has violated

1  Labor Code § 226 by failing to provide Leaders and Receptionists with itemized wage
2  statements showing, among other things, all their daily and weekly hours worked, all
3  applicable rates and formulae of pay, and an itemization of their pay under the different
4  applicable rates and formulae; whether Defendant has violated Labor Code § 2802 by
5  failing to indemnify Leaders and Receptionists for their business expenditures; whether
6  Defendant has willfully failed to pay due but unpaid minimum wages and overtime wages
7  to Leaders and Receptionists upon their separation from employment (or within 72 hours
8  of their separation, if they quit without giving 72 hours' notice); whether Defendant has
9  violated Business and Professions Code § 17200 by failing to pay Leaders and
10 Receptionists minimum wages and overtime wages, and by failing to indemnify Leaders
11 and Receptionists for their business expenditures; whether Defendant has failed to keep
12 complete and accurate records of Leaders' and Receptionists' hours of work as required by
13 California Labor Code § 1174 and IWC Wage Order No. 4; whether Defendant's acts and
14 omissions giving rise to the action for failure to pay minimum wages have been in good
15 faith, and whether Defendant has had reasonable grounds for believing their acts and
16 omissions were not violations of the Labor Code, for purposes of determining Leaders and
17 Receptionists' entitlement to liquidated damages under Labor Code § 1194.1; and the
18 proper measure of damages for Defendant's alleged violations.

19              (c)     <u>Typicality of the Representative Plaintiffs' Claims</u>.  The Court finds
20 that, for purposes of this settlement only, the claims of Plaintiffs Jeri Connolly and Rhonda
21 Arneson ("Representative Plaintiffs") are typical of the claims of the Class, in that their
22 claims arise from the same alleged events and course of conduct as the claims of the Class,
23 and are based on the same legal theories.

24              (d)     <u>Fair and Adequate Representation of the Class's Interests</u>.  The Court
25 finds that, for purposes of this settlement only, the Representative Plaintiffs will fairly and
26 adequately represent the Class's interests, in that the Representative Plaintiffs for purposes
27 of this settlement have the same interests as all members of the Class, have diligently and
28 zealously prosecuted this action to date, and are represented by experienced and competent

5

attorneys who have the resources necessary to represent the Class. The Court hereby appoints Plaintiffs as the representatives of the Class, for settlement purposes only, under Rule 23 of the Federal Rules of Civil Procedure.

(e) <u>Predominance of Common Questions and Superiority of the Class Action Procedure</u>. The Court concludes that, for purposes of this settlement only, the requirements of Federal Rule of Civil Procedure 23(b)(3) are satisfied because questions of law and fact common to Class Members predominate over any questions affecting only individual members and that a settlement class is superior to other available methods for the fair and efficient adjudication of the controversy.

7. <u>Appointment of Class Counsel</u>. The Court hereby appoints Rudy, Exelrod, Zieff & Lowe, LLP as counsel for the settlement class ("Class Counsel"), and appoints Steven G. Zieff as "Lead Class Counsel." In making this appointment, the Court has considered that Class Counsel has performed extensive work to date in identifying and investigating potential claims in the action; that Lead Class Counsel and the Rudy, Exelrod firm have extensive experience in handling class actions and the types of claims asserted in this action, including the related *Sabatino* class action; that Class Counsel is very knowledgeable of the applicable law; and that Class Counsel have committed and will continue to commit adequate resources to representing the class.

## PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

8. The Court has reviewed the terms of the Settlement and the description of the Settlement set forth in Plaintiffs' moving papers. Based on that review, the Court concludes that the Settlement has no obvious deficiency, appears to be fair, reasonable, and adequate, and is within the range of possible settlement approval such that notice of the proposed settlement to the Class is appropriate.

9. The Court has read and considered the Zieff Declaration in support of preliminary approval. Based on the Court's review of that Declaration, the Court finds that the Settlement was negotiated at arms-length and is not collusive. The Court further finds

6

that Class Counsel were adequately informed about the strengths and risks of the Class's case when they entered into the Settlement, and that they entered into the Settlement only after conducting extensive informal discovery and investigation, which included interviewing the named plaintiffs and other current and former employees of Weight Watchers in California, reviewing and analyzing work and payroll data for the Class produced by Weight Watchers in the course of informal discovery conducted during the course of settlement negotiations, and estimating potential Class recoveries on a per week or pay period basis based thereon.  Moreover, Class Counsel's extensive discovery and investigation in the related *Sabatino* case provided additional substantial information upon which they were able to assess the strengths and risks of the Class's case when they entered into the Settlement.

10. As to the proposed Plan of Distribution ("Plan") set forth in the Settlement, the Court has read and considered the Zieff Declaration and finds that the proposed Plan does not improperly grant preferential treatment to any segment of the Class.  The Plan is rationally and reasonably related to the relative strengths and weaknesses of the claims asserted and the associated potential recoveries.

11. The Court further finds on a preliminary basis that the payments of service awards of $12,500 to Representative Plaintiff Connolly and $10,000 to Representative Plaintiff Arneson contemplated by the Settlement are proper, fair, and reasonable in consideration of the facts that the Representative Plaintiffs spent significant amounts of time assisting Class Counsel in investigating and preparing the Class's claims, searching for and producing documents, that Connolly is a current Weight Watchers' employee who stepped forward to represent the Class in claims against her current employer, that the Representative Plaintiffs assumed the risk of being stigmatized or disfavored by their current or potential future employers by suing their employer, and that the two Representative Plaintiffs provided extensive individual releases to Defendant, in addition to the releases provided by Non-Opt Out Class Members.

12. Accordingly, the Court hereby grants preliminary approval to the Settlement.

## APPROVAL OF THE FORM AND MANNER OF DISTRIBUTING CLASS NOTICE

13. Plaintiffs have submitted for the Court's approval a proposed form of Class Notice that has been jointly agreed upon by the Parties (*see* Joint Stipulation, Ex. A). The proposed Class Notice appears to be the best notice practical under the circumstances and appears to allow Class Members a full and fair opportunity to consider the proposed Settlement and develop a response. The Parties' proposed plan for distributing the Class Notice set forth in the Joint Stipulation likewise appears to be a method that is reasonably calculated to reach all members of the Class who would be bound by the Settlement. Under this plan, a Settlement Administrator will distribute the Class Notice to Class Members by U.S. First Class Mail. There appears to be no additional method of distribution that would be reasonably likely to result in the receipt of notice by Class Members who may otherwise not receive notice pursuant to the proposed distribution plan.

14. Accordingly, the Court hereby orders that the Parties' proposed form and manner of distributing notice to the Class is approved. Except as otherwise ordered below, the dates and deadlines in the Joint Stipulation shall be adopted as an order of this Court. Promptly following the entry of this Order, the Settlement Administrator shall prepare a version of the Class Notice incorporating the relevant dates and deadlines, and the Parties and the Settlement Administrator shall timely take all actions in furtherance of directing notice to the Class as set forth in the Joint Stipulation.

## SCHEDULE FOR FURTHER ACTIONS AND PROCEEDINGS

17. **No later than ten (10) days after the date of entry of this Order, Defendant shall file proof of Class Action Fairness Act notices required by 28 U.S.C. § 1715.**

18. **No later than twenty (20) calendar days after the end of the Opt-Out Period, Plaintiffs shall submit a Motion for Judgment and Final Approval, and Class**

**Counsel shall submit any supplemental brief in support of their Motion for Attorney's Fees and Costs.  Counsel shall include with their submission a declaration setting forth the number of Class Members who opted out of the Class, as well as copies of any objections received and the parties' responses thereto.**  In preparing the motion for final approval, Plaintiffs shall confer with Defendant.  The Court does not contemplate the need for a separate submission by Defendant, but if Defendant wishes to submit any additional information, it must do so no less than twenty-one (21) days before the Fairness Hearing.

### FINAL FAIRNESS HEARING AND HEARING ON CLASS COUNSEL'S MOTION FOR ATTORNEY'S FEES AND COSTS

15. The Fairness Hearing shall take place before this Court on **December 15, 2014, at 10:00 AM in the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California in Courtroom 2 on the 17th Floor.**  At that hearing, the Court will determine whether to grant final approval of the Settlement, including consideration of the Representative Plaintiffs' request for service awards and Class Counsel's Motion for Attorney's Fees and Costs (to be filed no later than August 30, 2014).

16. This Court may adjourn or continue the date of the Fairness Hearing without further notice to Class Members.

**IT IS SO ORDERED.**

Dated: 7/21/14

_____
THELTON E. HENDERSON
United States District Judge